```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                      HOT SPRINGS DIVISION
```

**JAMES BRADSHAW**                                                  PLAINTIFF

        v.        Civil No. 09-6045

**FFE TRANSPORTATION SERVICES, INC.,**
**and DAVID A. BOOKER, SR.**                                        DEFENDANTS

## O R D E R

Now on this 2nd day of February, 2012, comes on for consideration **Plaintiff's Bill Of Costs** (document #97), and defendants' objection thereto, and the Court, being well and sufficiently advised, finds and orders as follows:

1. This case was tried to a jury in February, 2011, and a verdict returned in favor of plaintiff James Bradshaw ("Bradshaw") and against defendants FFE Transportation Services, Inc., and David A. Booker, Sr. ("Defendants"), in the amount of $1,000,000.00.

Judgment was entered on the Verdict on March 3, 2011, but was later set aside, and the matter was tried anew starting January 11, 2012. The second trial also resulted in a verdict in favor of Bradshaw in the amount of $1,000,000.00.

Bradshaw now asks the Court to award costs in the sum $4,889.67.

2. Defendants object that the following items are not taxable as costs:

    (a) Cost of photocopies not actually used at trial.

    (b) Cost of posters prepared for use at trial.

    (c) Court reporter fees for the deposition of plaintiff's

witness Dr. Mark Floyd, to the extent those fees were above the normal ones because the transcript was expedited.

    (d)   Cost of plaintiff's copy of his own deposition.

    (e)   Court reporter fees for the transcript of the first trial.

    (f)   Filing fees in state court.

    (g)   Procurement expenses for medical records.

    (h)   Witness and mileage fees incurred in conjunction with the first trial.

    3.   In determining whether particular costs are taxable, the Court is guided by **F.R.C.P. 54** and **28 U.S.C. §1920**. **F.R.C.P. 54(d)** provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorneys' fees -- should be allowed to the prevailing party."

**Section 1920** authorizes taxation of the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

4.   Looking to the "fit" between Bradshaw's claimed costs and the categories of § 1920, the Court finds the following:

(a)   The cost of photocopies not actually used at trial is not taxable.  Only the cost of copies "necessarily obtained for use in the case" is taxable.  See **Emmenegger v. Bull Moose Tube Co., 33 F.Supp.2d 1127, 1133-34 (E.D. Mo. 1998)** (amounts paid to others for production of documents, and for copying exhibits, recoverable under § 1920 only if segregated from copies made for discovery, research, convenience of counsel.)

The Bill Of Costs does not break down the categories of copies, but an e-mail from plaintiff to defendant (attached as an Exhibit to plaintiff's Reply Brief) notes that the copies in question here included not only exhibits but correspondence, research, and pleadings.  Roughly 3,000 pages are identified as copies of exhibits.  While nowhere near that many exhibits were actually introduced at trial, the Court does not doubt that they were circulated, duplicated, and had to be considered.

Another 550 pages are identified as transcripts used in cross-examination.

At $.15/page, the cost of these copies was $532.50, and the Court will tax that amount as costs.

b)   The cost of posters prepared for use at trial is not taxable in this case, because they were not necessarily obtained for use in the case. The courtroom in which the case was tried is equipped with sophisticated technology for displaying documents on

computer screens to each juror, making enlargements unnecessary.

(c)  The Court is not persuaded that court reporter fees for a deposition, to the extent they represent a premium for expedited work, can be fairly charged to defendants.  Moreover, there is no indication what those fees would have been if the deposition of Dr. Mark Floyd had not been expedited.  As a result, the Court will award only that portion of the charges characterized as appearance fee, for a total of $125.00.

(d)  The cost to Bradshaw of obtaining a copy of his own deposition is recoverable.  It is common for a witness to be cross-examined at trial based on his deposition testimony, and he can hardly be expected to prepare for such cross-examination if he does not have a copy.  That cost, $151.25, will be taxed.

(e)  The cost of obtaining a copy of the transcript of the first trial will be allowed.  This transcript was used extensively in arguments to the Court, by both parties.  It cost $552.60.

(f)  Filing fees in state court will not be allowed, as same are not taxable costs.  **Pershern v. Fiatallis North America, Inc., 834 F.2d 136, 140 (8th Cir. 1987).**

(g)  Procurement expenses for medical records are taxable. As explained in **Emmenegger**, *supra*, amounts paid to others for production of documents are taxable as costs.  That amount is $218.88.

(h)  Witness and mileage fees incurred in conjunction with the first trial will be allowed.  Defendants cite no authority for

-4-

their argument that when a case is retried, this category of costs is only taxable for the second trial, and the Court is not persuaded that such a limitation can be read into the statute. That amount is $550.03.

**IT IS THEREFORE ORDERED** that costs in the amount of $2,130.26 will be awarded in the Judgment in this matter.

**IT IS SO ORDERED.**

                                       /s/ Jimm Larry Hendren
                                      **JIMM LARRY HENDREN**
                                      **UNITED STATES DISTRICT JUDGE**